Recpt # 062434

ORIGINAL

ECF

FILED
MAR 4 2005
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

PHOENIX MANAGEMENT, INC. §
§
Plaintiff, §
§
vs. §
§
THE UNITED STATES OF AMERICA, §
§
Defendant. §

No. 05- 278C

PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Plaintiff, Phoenix Management, Inc., by and through its undersigned counsel, and alleges the following for its Complaint:

## JURISDICTION

1. The subject action is a suit upon a contract claim under the Contract Disputes Act. 41 U.S.C. § 601, et seq. Jurisdiction in this action is conferred upon this Court by the Act, particularly 41 U.S.C. § 609.

## PARTIES

2. The Plaintiff, Phoenix Management, Inc. ["PMI"], is a Texas corporation, with its principal offices at 11825 Buckner Road, Austin, TX 78726.

3. Defendant, United States of America, acting through the United States Air Force, which is the contracting agency for the contract dispute at issue in this matter.

## ALLEGATIONS

4. Contract Number F05603-01-C-0001 ["the Contract"] was awarded to Phoenix Management, Inc. ["PMI"] on August 27, 2001. The Contract is for Multi Wing Logistics Support under which PMI is to provide management, labor, equipment, tools, etc. to operate logistics accounts on multiple Air Force installations. At present the contract includes: Transportation, Supply, Fuels, Surface Freight and Shuttle Services for Peterson AFB and satellite accounts at Cheyenne Mountain and Schriever AFB; Supply & Fuels at F.E. Warren AFB; Base Supply and Fuels at Malmstrom AFB, MT. Other locations are expected to be added to the contract as existing contracts at those locations expire.

5. FE Warren Air Force Base in Wyoming was one of the locations to be serviced under the Contract. However, services were not to be provided under the Contract at FE Warren AFB until option year 2.

6. PMI's cost proposal included a number of elements for each location, depending on that location's requirements. Particularly with respect to the FE Warren AFB location, performance of the Contract required PMI to acquire certain items of equipment and supplies, such as several motor vehicles, safety shoes, office supplies, fuel, vehicle insurance and pagers or cell phones.

7. In preparing its proposal, PMI included cost elements for these supplies, which were projected to total approximately $140,480.00. However, in preparing its proposal, PMI mistakenly allocated a large portion of those costs, a total of $116,860.00, to the base year and option year 1 of the contract. However, as noted

above, no services were to be provided at FE Warren AFB under the Contract until option year 2.

8. As a result, PMI is unable to invoice for its actual costs, and will never be paid the full contract price which it bid.

9. The mistake was clear from the face of PMI's proposal. The fact that PMI had proposed costs for FE Warren AFB for the base period and option year 1 when FE Warren AFB was not to be added to the contract until option year 2 clearly should have prompted an inquiry from the contracting officer during the bidding process.

10. By letter dated January 7, 2004, Donna Giarratano, Senior Vice President of PMI requested correction of the mistake in PMI's bid. Although Ms. Giarratano specifically requested that $86,000.00 in vehicle costs be moved from the base year to option year 2, that was only a portion of the mistake. The full value of correction of the mistake would have been $116,860.00.

11. The Contracting Officer responded by letter dated March 5, 2004. The contracting officer stated that she found the evidence of the mistake to be clear and convincing. She also found that the mistake "was unilaterally made by Phoenix Management, Inc. and so apparent as to have charged the contracting officer with notice of the probability of the mistake."

12. The Contracting Officer nevertheless rejected PMI's request to correct that clear mistake, reasoning:

> However, my decision is to deny PMI's claim for reformation of the contract. This determination is based on the following:
>
> > FAR 14.407-4(b) ... "Agencies are authorized to make a determination (2) to reform a

> contract (ii) to increase the price if the contract price, as corrected, does not exceed that of the next lowest acceptable bid under the original invitation for bids;"
>
> Since the award price of this contract was at a price "higher" than other offerors, reformation of the contract based on your claim would exceed the price of the next lowest acceptable bid and is therefore prohibited by Federal Acquisition Regulations as cited above.

13. The Contracting Officer then included the standard statement that her letter constituted the final decision of the Air Force and standard language advising PMI if its right to appeal to this Court or to the Armed Services Board of Contract Appeals.

14. By letter dated April 8, 2004, PMI responded to the Contracting Officer's March 5, 2004 "final decision" seeking an equitable adjustment for the cost of two used vehicles and depreciation of a third vehicle in the amount of $19,584.00. This letter did not state it was a claim, and did not articulate under what legal theory PMI sought recovery.

15. By letter dated June 18, 2004, the Contracting Officer denied this request as well, issuing another final decision.

16. On August 24, 2004, PMI submitted a notice of appeal to the Armed Services Board of Contract Appeals from both the March 5, 2005 and June 18, 2005 final decisions of the Contracting Officer.

17. The Government moved to dismiss the appeal as untimely, arguing that PMI's January 7, 2004 and April 8, 2004 submissions were the same mistake claim, and therefore any appeal had to be filed within 90 days of the March 5, 2004 final decision. PMI argued that neither PMI submission was a valid CDA claim because no

final decision had been requested.

18. On January 7, 2005, the Armed Services Board of Contract Appeals ruled on the Government's Motion, dismissing the appeal to the extent that it was an appeal of the denial of PMI's January 7, 2004 mistake claim. The ASBCA denied the motion to dismiss as to the appeal from the Contracting Officer's June 18, 2004 final decision, as the ASBCA viewed PMI's April 8, 2004 submission as a distinct claim from its January 7, 2004 mistake claim.

19. Because PMI's appeal of its January 7, 2004 mistake claim was dismissed by the ASBCA as untimely, PMI has made no binding forum election, and therefore brings this appeal within one year of the date of the Contracting Officer's March 5, 2005 final decision.

WHEREFORE, PMI respectfully requests that upon hearing of this matter, the Board grant PMI judgment on its claim for reformation of unilateral mistake as follows:

1) Actual damages in the amount of $86,000.00;

2) Interest as provided by the Contract Dispues Act;

3) Attorneys fees under the Equal Access to Justice Act; and

4) Such other and further relief, at law or in equity, to which PMI may show itself justly entitled.

Dated: March 3, 2005

Respectfully Submitted,

BAILEY & BAILEY, P.C.
Milam Building, Suite 711
115 East Travis
San Antonio, Texas 78205-1611
Telephone: (210) 225-7747
Facsimile: (210) 225-8246

By: ______________________
Johnathan M. Bailey
SBN 24000009

Attorney for Plaintiff
Phoenix Management, Inc.