IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PHOENIX MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-278C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO TRANSFER

Pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 609(d), defendant requests that this case be transferred to the Armed Services Board of Contract Appeals ("ASBCA" or "board") for consolidation with its closely related case, Appeal of Phoenix Management, Inc., Under Contract No. F05603-01-C-0001, ASBCA No. 54715. Plaintiff's counsel has been contacted and does not oppose this motion.

**Statement of Facts**

As explained in its complaint, plaintiff attempted to appeal to the ASBCA two closely related final decisions in which the contracting officer ("CO") denied relief. Compl. ¶ 16. Both of the claims filed with the CO rested upon a factual assumption that a "mistake in bid" had occurred in plaintiff's price proposal, which was discovered after award. Compl. ¶¶ 7, 11, 14. This mistake allegedly caused injury to plaintiff. Compl. ¶ 8.

In its first claim to the CO, plaintiff requested reformation of the contract. Compl. ¶¶ 10, 12. The CO denied the first claim on March 5, 2004. Compl. ¶¶ 11, 12. In its

second claim to the CO, plaintiff requested an equitable adjustment for its "actual costs" incurred as a result of the mistake in bid mentioned above. Compl. ¶ 14. The CO denied the second claim on June 18, 2004. Compl. ¶ 15.

Plaintiff filed an appeal with the ASBCA on August 24, 2004. Compl. ¶ 16. Both parties moved to dismiss upon different grounds. See Appeal of Phoenix Management, Inc., ASBCA No. 54715, 2005 WL 39540, at ¶¶ 5, 6 (January 6, 2005). Defendant contended that the second claim was merely a "subset" of the first claim and, therefore, the entire appeal was untimely. Id. at ¶ 5. Plaintiff sought dismissal without prejudice, contending that its claims were not proper CDA claims. Id. at ¶ 6.

The ASBCA denied both motions. Id. at ¶ 7. The board decided that the second claim was not a subset of the first claim, that an attempted appeal of the first claim to the board was untimely, and that the second claim was a proper CDA claim. Id. at ¶¶ 4, 5, 6. The ASBCA has, therefore, retained jurisdiction over plaintiff's appeal of the second claim.

On March 4, 2005, plaintiff timely filed in this Court an appeal of the CO's final decision denying its first claim.

**Argument**

Judicial efficiency requires the full equitable resolution of a suit in one judicial forum, when possible. Congress has

provided the means for this Court to accomplish a more efficient resolution of cases arising from the same contract, "filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice." 41 U.S.C. § 609(d).

In Glenn v. United States, 858 F.2d 1577, 1579 (Fed. Cir. 1988), Mr. Glenn timely appealed the CO's final liability decision to the ASBCA. While the liability appeal was pending, the CO issued a final quantum decision, which Mr. Glenn did not timely appeal to the ASBCA. Id. Upon encouragement from the board, Mr. Glenn filed a timely appeal with this Court, and subsequently filed an unopposed motion to transfer the case to the ASBCA, pursuant to 41. U.S.C. § 609(d). Id. The motion was denied to avoid "'distort[ing] the appeal procedure'" by allowing transfer to the ASBCA after the failure of a timely appeal to the board. Id. Mr. Glenn appealed. The United States Court of Appeals for the Federal Circuit held that § 609(d) is not limited by a plaintiff's failure to file a timely appeal to an agency board. Id. at 1581. The appellate court remanded the case to this Court with instructions to transfer Mr. Glenn's appeal to the ASBCA. Id. Upon transfer, the ASBCA would "proceed to review the liability decision, and . . . the quantum decision, the former under its appellate jurisdiction, the latter under the aegis of a transfer for convenience of the parties under section

609(d)." Id.

As in Glenn, transfer of this case to the ASBCA is appropriate "for the convenience of parties." Because of the possibility of duplicate or conflicting relief in this case, transfer is also "in the interest of justice." For the foregoing reasons, defendant requests that the Court grant this motion for transfer to the ASBCA to be consolidated with Appeal of Phoenix Management, Inc., Under Contract No. F05603-01-C-0001, ASBCA No. 54715.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester
HAROLD D. LESTER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
Major Lawrence M. Anderson
Trial Attorney
AFLSA/JACN
1501 Wilson Blvd, Room 606
Arlington, VA 22209-2403

April 4, 2005

CERTIFICATE OF FILING

I hereby certify that on this 4th day of April 2005, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION TO TRANSFER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease